

IN THE DISTRICT COURT OF
CANADIAN COUNTY, STATE OF OKLAHOMA

FILED
MARIE RAMSEY - HIRST COURT CLERK
CANADIAN COUNTY OKLA.

OCT 2 8 2013

BY _____
DEPUTY

| | |
|---|---|
| TYLER COLE, an individual, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CJ-2013-651 |
| SHELTER INSURANCE COMPANY, ) | Attorney Lien Claimed |
| a foreign insurance company, ) | Jury Trial Demanded |
| Defendant. ) | CASE ASSIGNED TO: |
| | GARY E. MILLER |

ORIGINAL PETITION          JUDGE: _____

COMES NOW plaintiff, Tyler Cole ("**Plaintiff**"), by and through its attorneys of record, BROWN & GOULD, PLLC, and for its cause of action against defendant, Shelter Insurance Company ("**Defendant**"), alleges and states as follows:

## I.
## PARTIES

1.  Plaintiff is, and at all relevant times was, an individual and a resident of Canadian County, Mustang, Oklahoma.

2.  Shelter Insurance Company is a foreign insurance company authorized to do business in the State of Oklahoma that may be served with process by and through its mandatory designated agent pursuant to OKLA. STAT. tit. 36, §§ 621-622, John Doak, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, P.O. Box 53408, Oklahoma City, Oklahoma 73152-3408.

## II.
## JURISDICTION AND VENUE

3.  This Court has general and original jurisdiction over Plaintiff's claims for breach of contract and bad faith.


DEFENDANT'S EXHIBIT 2

4.  Venue is proper in Canadian County because it is the county where Plaintiff resides, where the claim arose and where Defendant has an agent.

5.  All conditions precedent to instituting this action have occurred, been performed, were waived, or have otherwise been satisfied.

## III.
## STATEMENT OF FACTS

Plaintiff incorporates all prior allegations by reference.

6.  Defendant is in the business of selling property insurance to commercial businesses within the State of Oklahoma.

7.  On or about August 26, 2012, Defendant issued Plaintiff a Dwelling Insurance Policy bearing Policy No. 35-73-8054441-2 (the "**Policy**") for purposes of insuring Plaintiff's residence located at 918 Kyle Way, Mustang, Oklahoma 76064 (the "**Plaintiff's Home**").

8.  Pursuant to the terms of the Policy, Defendant promised to insure Plaintiff's Home for risk of direct physical loss by hail and wind.

9.  On May 31, 2013, during the coverage period, the Plaintiff's Home sustained a direct physical loss caused by a wind and hailstorm.

10.  The loss to the Plaintiff's Home is not a loss excluded by any policy exclusion.

11.  Plaintiff thereafter submitted a proof of loss to Defendant and demanded coverage under the terms and conditions of the Policy.

12.  To date, Defendant has failed and refused to pay for the damage to the Plaintiff's Home covered by the terms and conditions of the Policy.

IV.
## THEORIES OF RECOVERY

### A.
### FIRST CLAIM
### BREACH OF CONTRACT

Plaintiff incorporates all prior allegations by reference.

13. Defendant has arbitrarily and capriciously breached the insurance contract by delaying and refusing to make payment of insurance coverage to Plaintiff even though the loss to the Plaintiff's Home was clearly covered under the terms and conditions of the Policy.

14. As a result of Defendant's breach of the insurance contract, Plaintiff has sustained damage and other loss in an amount greater than $75,000.

WHEREFORE, Plaintiff prays for judgment against Defendant on its First Claim for the following relief:

a. Compensatory damages against Defendant an amount greater than $75,000, including but not limited to, unpaid benefits and contractual interest on benefits owed;

b. Prejudgment and post judgment interest;

c. Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

d. Such other and further relief as the Court deems appropriate under the circumstances presented.

### B.
### SECOND CLAIM
### BAD FAITH

Plaintiff incorporates all prior allegations by reference.

15. Defendant knowingly and intentionally handled Plaintiff's insurance claim as a matter of routine business practice in handling like claims under like policies.

3

16. Defendant breached its duty to deal fairly and act in good faith towards Plaintiff by:

   a. refusing and delaying payment and other policy benefits owed to Plaintiff at a time when Defendant knew that Plaintiff was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claim and to obtain additional information both in connection with the original refusal and delay and following the receipt of additional information;

   c. withholding payment of the benefits even though Defendant knew Plaintiff's claim for those benefits was valid;

   d. refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

   e. refusing to honor Plaintiff's claim in some instances by applying restrictions not contained in the Policy;

   f. refusing to honor Plaintiff's claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the subject policies;

   g. failing to adopt and implement reasonable procedures for the prompt investigation and reasonable handling of claims arising under the Policy, to include Plaintiff's claim;

   h. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

   I. forcing Plaintiff, pursuant to Defendant's claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and

   j. failing to properly evaluate any investigation that was performed.

17. As a proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered aggregate damages and other losses an amount greater than $75,000, in the form of policy coverage, mental and emotional distress, financial hardship, attorney expenses and other damages.

18. Defendant has acted intentionally and with malice towards Plaintiff and has been guilty of reckless disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for the following relief against Defendant:

a. Compensatory damages against Defendant in an amount greater than $75,000, including but not limited to unpaid benefits and contractual interest on benefits owed;

b. Punitive damages;

c. Prejudgment and post-judgment interest on all damages;

d. Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

e. All further relief as the Court deems appropriate under the circumstances presented.

## V.
## PRAYER

WHEREFORE, Plaintiff prays that she be awarded actual and compensatory damage herein together with costs, pre- and post-judgment interest, punitive damages, and attorney's fees, costs, and any other relief as may be appropriate.

Respectfully submitted,

Tony Gould, OBA # 18564
George Brown, OBA # 18020
Brandon D. Kemp, OBA # 31611
**BROWN & GOULD, PLLC**
136 N.W. 10th Street, Suite 200
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: tgould@browngouldlaw.com

*Attorneys for Plaintiff,*
*Tyler Cole*