IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER COLE, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-1178-M |
| ) | |
| SHELTER MUTUAL INSURANCE ) | |
| COMPANY, a foreign insurance ) | |
| company, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO EXCLUDE
THE OPINION TESTIMONY OF MICHAEL BERRYMAN**

Plaintiff, Tyler Cole ("**Plaintiff**"), by and through his counsel of record BROWN & GOULD, PLLC, respectfully moves this Court to exclude the proposed testimony of Defendant's designated roofing expert, Michael Berryman ("**Berryman**"). In support of the instant motion, Plaintiff will show the Court as follows:

**I.
INTRODUCTION**

In this bad faith breach of insurance contract dispute, Plaintiff claims that his insurer, defendant, Shelter Mutual Insurance Company ("**Shelter**" or "**Defendant**"), treated him unfairly and in bad faith by refusing to cover damage to his roof shingles based its an allegedly unreasonable determination those shingles ripped away from the roof covering because of defective installation rather than the high-winds produced by several tornadoes that hit central Oklahoma on or about May 31, 2013. Accordingly, the "cause" of the damage to Plaintiff's roof shingles is one of the central issue in this case.

At trial, Shelter intends to offer the opinion testimony of Berryman concerning the cause of Plaintiff's shingle damage even though Berryman has <u>never set foot on Plaintiff's property</u>. Incredibly, even though Berryman has <u>never once touched, inspected or tested</u> a single one of Plaintiff's roof shingles, Berryman intends to opine at trial that:

(1) the shingles on Plaintiff's roof "have not been properly installed";

(2) "the shingle tabs were <u>not</u> detached by wind";

(3) the repair estimate of Grayco "is excessive and goes well beyond what will be required to restore the storm damages to the subject property."

*See* Letter from Berryman to Gunn of 9/9/2014 (the "**Berryman Report**") attached here as **Exhibit 1**.[1/]

Berryman leaps to his rank speculation having never even stood on Plaintiff's roof and, instead, based only on his second-hand review of Shelter's claim file, a few low resolution photographs of just a portion of Plaintiff's roof, and the deposition transcripts of Shelter's claims adjusters. Consequently, Berryman's proposed causation opinions are <u>not</u> predicated upon sufficient facts or data and plainly <u>not</u> the product of reliable principles and methods required by Fed. R. Civ. P. 702 to be admissible at trial. Instead, Shelter intends to impermissibly offer Berryman– a person without any personal knowledge of the facts– for the purpose of redundantly regurgitating Shelter's position on causation based on his second-hand observation of the same evidence, *e.g.*, photographs an fact testimony, that equally are

---

[1/] Berryman also opines that Plaintiff's "roof shingles were not damaged by hail." *See* Berryman Report, Ex. 1, at 3. This particular opinion, however, is inadmissable on grounds of relevance because Plaintiff does <u>not</u> claim that "hail" caused the damage to his shingles.

within a jury's comprehension and understanding.  This Court, as the gatekeeper of the evidence should preclude Shelter from doing so.

## II.
## ARGUMENTS AND AUTHORITIES

**THIS COURT SHOULD EXCLUDE BERRYMAN'S TESTIMONY AT TRIAL BECAUSE HAVING NEVER INDEPENDENTLY INSPECTED PLAINTIFF'S ROOF FOR HIMSELF, HIS CAUSATION OPINIONS ARE NOT PREDICATED UPON SUFFICIENT FACTS OR DATA OR THE PRODUCT OF RELIABLE PRINCIPLES AND METHODS**

"The Federal Rules of Evidence govern the admissibility of expert testimony." *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993). Pursuant to those rules, the trial court serves as evidence gatekeeper, making both relevance and reliability determinations. *Id*. at 589.  In that gatekeeper role, this Court must preclude admission of proposed opinion testimony that is not helpful to the trier of fact or lacks a reliable foundation.

Pursuant to Fed. R. Civ. P. 702 ("**Rule 702**"), the Court should preclude admission of opinion testimony if, among other reasons, the expert's proposed opinion is neither: (a) based on sufficient facts or data; nor (b) the product of reliable principles and methods.  The burden rests with the proponent of the expert testimony to prove the rigorous admissibility requirements of Rule 702 are satisfied.  *See, e.g., Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013).

Considering these requirements, courts have consistently held that "an expert opinion that it is <u>not based upon any independent investigation or testing and merely relies upon a</u>

<u>limited review of deposition testimony ... does not meet Rule 702's criteria of showing that the proposed testimony is based upon sufficient facts or data</u>." *Florida Power & Light Co. v. Qualified Contractors, Inc.*, 04-80505-CIV, 2005 WL 5955702 (S.D. Fla. Dec. 6, 2005) (emphasis added). *See, e.g., Storage Technology Corp. v. Cisco Systems, Inc.*, No. Civ. 00-2253, 2003 WL 22231544, at *9 (D.Minn. Sep. 25, 2003) (proffered expert witness lacked sufficient factual foundation for opinion regarding hardware design where witness had never physically inspected the hardware nor spoken with anyone who had inspected it). Besides, when the evidence upon which [a proposed expert] relied is equally before the trier of fact and Judge in this matter ... it is unclear as to how helpful Berryman's proposed testimony would be. *Florida Power & Light Co.*, at * 4. Instead, opinion testimony that "is simply a regurgitation of [Shelter's] theory of the case, without any independent or objective basis ... would be unnecessarily redundant." *Id*. at *3-4.

Here, Berryman has <u>not</u> performed any independent investigation whatsoever concerning the cause of Plaintiff's roof damage. Instead, Berryman has never set foot on Plaintiff's property. Accordingly he has never physically inspected or tested a single one of Plaintiff's roof shingles that he now opines was improperly installed. Instead, the only factual basis for Berryman's opinions are:

(a) simply his regurgitation of the deposition testimony of Shelter's adjusters with whom Berryman has never spoken; and

(b) his second-hand review of a few low resolution photographs that cannot possibly provide an adequate basis to determine the adequacy if the shingle installation.

*See* photographs taken by Shelter attached as **Exhibit 2** and bates-numbered Shelter 9-15. *See also* transcript excerpts of Tyler Cole, attached hereto as **Exhibit 3** (where Plaintiff testifies that "[y]ou're not going to physically see [the sustained damages to my property] on these pictures, You're going to have to go to the house to actually physically see them.").

Based on such a limited review of the facts, Shelter cannot carry its burden of proving that Berryman independently formulated his opinions based upon a sufficient factual data required by Rule 702. Likewise, Shelter cannot carry its burden of proving that Berryman's opinions are the product of reliable principles or methods also required by Rule 702.

On the contrary, Berryman has not performed any inspection of Plaintiff's roof and merely parrots the observations of others. As a result, Berryman has not predicated his opinions on any generally accepted method or principle that an expert roofer would naturally employ before rendering a reliable opinion as to what caused the damage to Plaintiff's roof shingles.

Berryman tacitly acknowledges that without having conducted an independent inspection of Plaintiff's roof, his opinions naturally lack a proper factual basis or methodology. Notably, Berryman casts his report as merely *preliminary* based on an *incorrect* assumption that "***I will be allowed to make an inspection of the site*** in the near future ... [and] this report is subject to ***modification after my site visit*** or should other additional information be made available to me." Berryman Report, Ex. 1, at 1 and 5 (emphasis added). Of course, there is no reason to believe that Berryman will have the

5

opportunity to cure this glaring deficiency. This is because there is no reason for Defendant or Berryman to conclude that this Court will find sufficient cause to strike the current pretrial deadlines in this case, enlarge the discovery deadline and, consequently, move the trial date for this case just to allow Shelter the opportunity to conduct a physical inspection that it consciously chose not to conduct during the 22 months that this case has been pending.[2] Absent such extraordinary, unwarranted relief, Berryman's opinion remains nothing more than unreliable and *inadmissible*, speculation and regurgitation.

### III.
### CONCLUSION

For the reasons discussed herein, Plaintiff respectfully requests this Court enter an Order that excludes from trial, the opinion testimony of Berryman that Shelter intends to offer at trial.

---

[2] Currently, Shelter has pending a combination motion (ECF # 49) that requests, among other relief, leave to conduct *expedited*, eleventh-hour discovery in the form of a physical inspection of Plaintiff's premises which Shelter is otherwise out of time to conduct. As noted in Plaintiff's objection to that motion (ECF # 59), this Court should overrule Shelter's request for an expedited premises inspection at this very late junction because Shelter has not only previously inspected those very premises twice before this litigation started, but Shelter also consciously chose not to inspect Plaintiff's roof over the 22 months since this case has been pending. *See* ECF # 59, at p. 10 of 14.

15th day of September, 2014,

/s/ Tony Gould
Tony Gould, OBA # 18564
**BROWN &GOULD, PLLC**
136 N.W. 10th Street, Suite 200
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: tgould@browngouldlaw.com

***Attorneys for Plaintiff, Tyler Cole***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 15th day of September, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Ryan Deligans
David B. Donchin
Andrew M. Gunn
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, Oklahoma 73102
Phone: (405) 235-9584
Fax: (405) 235-0551
Email: rdeligans@dlb.net
ddonchin@dlb.net
agunn@dlb.net

*Attorneys for Defendant,*
*Shelter Mutual Insurance Company*


        /s/ Tony Gould
        Tony Gould